RICKMAN, Judge,
concurring specially.
I have reviewed the record in this matter, and concur that reversal is required for the reasons set forth in Division 2 (a) of the majority opinion. I write separately to express a deep and genuine concern that has echoed repeatedly through this Court’s criminal jurisprudence.
To be sure, prosecutors and criminal defense attorneys have difficult jobs. The lives of victims and their families, as well as the lives of defendants and their families, hang in the balance with each and every serious criminal case. The stakes in a criminal courtroom are as high as can be found anywhere in our justice system. It is completely understandable, given the time and emotional expenditure associated with the arduous task of taking another human being’s liberty in one’s hands, that deficiencies in performance due to exhaustion and burn-out can result.
Nevertheless, there are three obligations that continue to be ignored by some practicing members of the Georgia bar. First, there is an obligation for the lawyer who feels burned out and ineffective to recognize it and either withdraw from a case or seek other assistance until the lawyer is prepared to perform competently. See Georgia Rules of Professional Conduct, Rule 1.1 (“A lawyer shall provide competent representation to a client. Competent representation . . . means that a lawyer shall not handle a matter which the lawyer knows or should know to be beyond the lawyer’s level of competence *397 without associating another lawyer who the original lawyer reasonably believes to be competent to handle the matter in question.”). Second, there is an obligation on the part of any lawyer who may be responsible for supervising a struggling lawyer to recognize when that lawyer needs assistance and/or to be replaced. See Georgia Rules of Professional Conduct, Rule 5.1 (b) (“A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Georgia Rules of Professional Conduct.”). Third, there is an obligation on our profession to keep an ineffective attorney out of the courtroom until he or she is fully prepared to provide competent representation. See Georgia Rules of Professional Conduct, Preamble (11) (“Every lawyer is responsible for observance of the Rules of Professional Conduct. A lawyer should also aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves.”).
Decided March 24, 2016.
Kevin A. Anderson, for appellant.
In a number of cases that have come before this Court, none of the foregoing obligations appeared to have been taken as seriously as they should have been. See, e.g., Nejad v. State, 296 Ga. App. 163, 170 (674 SE2d 60) (2009) (Smith, J., concurring specially) (commenting that “[t]he developing trend of emphatically and even eagerly testifying to one’s own incompetence or misconduct is dangerous to the administration of justice, particularly if it is allowed to continue without any consequences for the testifying trial counsel”); see also Carrie v. State, 298 Ga. App. 55, 62, n. 23 (679 SE2d 30) (2009) (recognizing that “[w]hether counsel’s assessment of his performance was an honest admission of incompetency or a disingenuous attempt to secure a new trial for his former client is not for our determination,” but noting that it is a perversion of justice to allow such instances to continue without any consequences to trial counsel).
In 2009, we noted that instances of trial counsel claiming his or her own ineffectiveness without consequence was a “worrisome trend” for this Court. See Nejad, 296 Ga. App. at 169. This particular case does not involve trial counsel opining as to her own effectiveness, and rightfully so. See Hartsfield v. State, 294 Ga. 883, 888 (757 SE2d 90) (2014). However, we continue to witness admissions that point to ineffectiveness and the resulting findings, with apparently no response or consequence. A consequence need not even be a punitive consequence; but rather some meaningful attempt to keep ineffective attorneys out of the criminal courtroom.
*398 Paul L. Howard, Jr., District Attorney, Joshua D. Morrison, Assistant District Attorney, for appellee.